## WALKER–CRAIG CO. v. BECK et al.
(No. 8004.)

Court of Civil Appeals of Texas.  San Antonio.
May 2, 1928.

**Venue** ⬤⇒22(1)—**Defendants sued on commissary operator's agreement to pay could assert privilege, where their contract with operator relieved them from operator's debts.**

Persons who contracted with operator of commissary for commission on operator's gross sales in return of right to conduct commissary on premises, it being provided in the agreement that they should not be responsible for the operator's debts, *held* entitled to change of venue to county of their domicile, in suit by one selling goods to commissary to recover on operator's agreement to pay amount of invoices in county where suit was brought.

Appeal from District Court, Cameron County; **A. M. Kent**, Judge.

Suit by the Walker-Craig Company against G. C. Beck and others. Judgment changing venue as to some of defendants, and plaintiff appeals. Affirmed.

H. B. Galbraith, of Brownsville, for appellant.

D. F. Strickland, of Mission, and Davenport, West & Ransome, of Brownsville, for appellees.

COBBS, J. Appellant sued appellees to recover the sum of $1,168.82, which includes 10 per cent. attorney's fees, on an alleged statement of account for goods, wares, and merchandise set out therein, in which there was a written stipulation as follows:

"On the day of all invoices maturing due net, for value received, I, we, or either of us, promise to pay to the order of Walker-Craig Company, at their office in Brownsville, Tex., the amount of said invoices with interest thereon after maturity at the rate of 10 per cent. per annum, and 10 per cent. attorney's fees if placed in the hands of an attorney for collection after maturity or suit is brought thereon.

"The above statement, showing approximate surplus of assets over liabilities, and other question answered is a true and correct statement and accurate exhibit of my financial condition and is given for the purpose of obtaining credit from Walker-Craig Company.

"G. C. Beck.

"Brownsville, Tex., Feb. 16, 1927."

All the parties resided in Hidalgo county, and A. Van Dresser and J. E. Wilkins filed pleas of privilege to be sued in the county of Hidalgo where they reside and have their domicile.

It was sought to hold all the defendants in Cameron county on the alleged written stipulation signed and delivered by G. C. Beck to pay to appellant at its office in Brownsville, Cameron county, Tex., on the ground that it was a party.

G. C. Beck testified:

"From October, 1925, until the spring of this year, I was running a commissary in Hidalgo and Willacy counties. I took over that concern some time in November, 1926. Before that in the fall of 1925 I was running a store in Mercedes. I was mistaken; I began the operation in November, 1925. I had my accident in January, 1926. I was running the commissary at that time. I first came into contact with the defendants Wilkins and Van Dresser in Mr. Strickland's office, the lawyer. That was at Mission. I happened to be there on some other business. Wilkins and Van Dresser had a big bunch of men clearing some land and Mr. Strickland thought it would be a good trade for me to go out and run the commissary for them. I saw Mr. Van Dresser at his office, and he said he didn't have much to do with it and for me to go and see Mr. Wilkins. We got up an agreement or contract of the basis on which we would work."

This was a working contract between the named parties, too lengthy to copy, and in which appellant was neither a party nor in privity with appellees, and constituted no partnership agreement, such as claimed for it, for it is expressly provided therein, that:

"It is understood and agreed that the first parties have no interest in or no title to any of the merchandise or effects of the said second party, and shall not be responsible for his debts. That said first parties are simply entitled to a commission of 10 per cent. of the gross sales, as above provided, for the right to conduct said commissary on said premises and their aid in the collection of amounts due said second party by the use of said canteen checks above provided."

We do not think the evidence established any facts that would justify the maintenance of the suit in Cameron county against appellees, and, if there is any liability imposed upon them by the stated facts, we will not here discuss but will simply affirm the judgment changing the venue.

Affirmed.